**NOT FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal No. 2007-66 |
| v. | ) |
| | ) |
| DAJER CUEVAS-REYES, and | ) |
| ELIUD GOMEZ-GARCIA, | ) |
| | ) |
| Defendants. | ) |

**ATTORNEYS:**

**Ishmael Meyers, Jr., AUSA**
St. Thomas, U.S.V.I.
　*For the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
　*For defendant Eliud Gomez-Garcia,*

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
　*For defendant Dajer Cuevas-Reyes.*

<u>**ORDER**</u>

**GÓMEZ, C.J.**

　　Before the Court are the motions of defendants Eliud Gomez-Garcia ("Gómez-Garcia") and Dajer Cuevas-Reyes ("Cuevas-Reyes") (collectively, the "Defendants") for judgments of acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"), or for new trials pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). Additionally, Gómez-Garcia has moved for an arrest

*United States v. Cuevas-Reyes, et al.*
Criminal No. 2007-66
Order
Page 2

of judgment under Federal Rule of Criminal Procedure 34 ("Rule 34").

## I.  FACTS

On November 20, 2007, the Defendants were arrested after attempting to fly to the Dominican Republic from the Cyril E. King airport in St. Thomas, U.S. Virgin Islands in a small, private aircraft carrying four illegal aliens.  On November 21, 2007, the government filed a criminal complaint against the Defendants, charging them with unlawfully shielding illegal aliens from detection, in violation of 8 U.S.C. § § 1324(a)(1)(A)(iii).  The complaint was followed by an indictment, which was returned by the grand jury on December 6, 2007.

The trial in this matter was conducted from February 25-27, 2008.  The government called several law enforcement officers involved in this case.  The government also called the four illegal aliens traveling in the aircraft on November 20, 2007, as material witnesses.

The material witnesses clearly testified that they were in the territory illegally, and that their illegality was disclosed to each of the Defendants.  The government presented evidence that the material witnesses paid money to have the Defendants transport them by airplane because they had no legal authority to remain in the United States.  When law enforcement officials

*United States v. Cuevas-Reyes, et al.*
Criminal No. 2007-66
Order
Page 3

prevented them from departing, the Defendants refunded the money to the material witnesses. Additionally, there was evidence that, on at least one occasion, there was an effort on the part of the Defendants to conceal the fact that these witnesses were paying for such transportation. There was also testimony that, on at least one occasion, at least one material witness was asked not to disclose the purpose and nature of the trip.

The Defendants moved for judgments of acquittal at the close of the governments' case, and after each defendant rested. The Court denied the motions. At the conclusion of the trial, the jury found both Defendants guilty of the offense charged.

## II.  DISCUSSION

### A. Judgment of Acquittal

A judgment of acquittal is appropriate under Rule 29 if, after reviewing the record in a light most favorable to the prosecution, the Court determines that no rational jury could find proof of guilt beyond a reasonable doubt and the verdict is supported by substantial evidence. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006). The government may sustain this burden entirely through circumstantial evidence. *Id.; see also United States v. Wexler*, 838 F.2d 88, 90 (3d Cir. 1988). "It is not [the Court's] role to weigh the evidence or to determine the

*United States v. Cuevas-Reyes, et al.*
Criminal No. 2007-66
Order
Page 4

credibility of the witnesses." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002).

**B.   New Trial**

When deciding a Rule 33 motion for a new trial, the court is provided somewhat more discretion than what is afforded under Rule 29.  Under Rule 33, the court may grant a new trial "in the interest of justice." *United States v. Charles*, 949 F. Supp. 365, 368, 35 V.I. 306 (D.V.I.1996).  In assessing such "interest," the court may weigh the evidence and credibility of witnesses. *United States v. Bevans*, 728 F. Supp. 340, 343 (E.D. Pa. 1990), *aff'd,* 914 F.2d 244 (3d Cir. 1990).  If the court determines that there has been a miscarriage of justice, the court may order a new trial. *Id.*  The burden is on the defendant to show that a new trial ought to be granted. *United States v. Clovis*, Crim. No. 94-11, 1996 U.S. Dist. LEXIS 20808, at *5 (D.V.I. Feb. 12, 1996).

**C.   Arrest of Judgment**

The court can grant a motion to arrest judgment only if the verdict, judgment or plea of guilty is insufficient as a matter of law for two reasons: "the indictment or information does not charge an offense [or] the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34; *see also United States v. Bazar*, Crim. No.2000-80. 2002 U.S. Dist. LEXIS 19719, *13 (D.V.I. Oct. 7 2002).

*United States v. Cuevas-Reyes, et al.*
Criminal No. 2007-66
Order
Page 5

In deciding a Rule 34 motion, "[a] court may not look beyond the face of the 'record' which consists of 'no more than the indictment, the plea, the verdict . . . when the plea is "not guilty" . . . and the sentence. . . .'" *United States v. Stolon*, 555 F. Supp. 238, 239 (E.D.N.Y. 1983) (quoting *United States v. Bradford*, 194 F.2d 197, 201 (2d Cir. 1952)); *see also United States v. Diaz*, Crim. No. 92-78, 1993 U.S. Dist. LEXIS 3569, at *5 (E.D. Pa. Mar. 25, 1993) ("A Rule 34 motion must be based solely on a defect apparent on the face of the indictment itself, and not on the sufficiency of the evidence adduced at trial.") (citing *United States v. Sisson*, 399 U.S. 267, 280-81, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970))).

### III. <u>ANALYSIS</u>

The Defendant's Rule 29 motions are renewals of the Rule 29 motions they made at trial. After considering the evidence presented at trial in a light most favorable to the government, the Court ruled that there was sufficient evidence for a rational jury to find the Defendants guilty beyond a reasonable doubt of the offense charged against them in the indictment. For the reasons more fully stated on the record, the Court now reaffirms these findings. Accordingly, the Court will deny the Defendants' renewed Rule 29 motions.

*United States v. Cuevas-Reyes, et al.*
Criminal No. 2007-66
Order
Page 6

In light of the Court's determination that there was sufficient evidence for a rational jury to find the Defendants guilty of all four counts alleged in the indictment, the Court finds that there has been no miscarriage of justice to warrant a new trial under Rule 33.

Finally, the indictment charges crimes over which this Court has jurisdiction. The Court will therefore deny Gómez-Garcia's motion under Rule 34.

### IV.  CONCLUSION

For the foregoing reasons, which were more fully stated on the record at the trial of this matter, it is hereby

**ORDERED** that the Defendants' motions are **DENIED.**


                                    S\_____
                                      **Curtis V. Gómez**
                                         **Chief Judge**